**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

**UNITED STATES OF AMERICA**

**VS.**                                                                      **CRIMINAL NO.  H-07-65**

**MYRA LORENA ORELLANA-MORALES, ET AL.**

**MOTION FOR DISCOVERY AND INSPECTION**

COMES NOW THE DEFENDANT, Myra Lorena Orellana-Morales, through

undersigned counsel, respectfully moves this Court, pursuant to Fed. R. Crim. P. 16,

Fed. R. Crim. P. 12(b)(4)(B), and/or the Due Process Clause of the Fifth Amendment,

for an order compelling the government to produce in discovery the documents,

materials and/or information itemized below:

I.
GENERAL DISCOVERY

1.   To produce and allow the Defendant to inspect and review all tangible items
     of evidence which the Government proposes to use at the trial of this cause.

2.   To produce and allow defense counsel to examine and copy any and all
     pictures or photographs, either still or moving pictures, taken by the
     Government pertaining to the substance of the alleged crime, of which
     members of any law enforcement agency may have shown to any witnesses in
     connection with this case.

3.   To produce for inspection and/or copying by Defendant's counsel all books,
     papers, documents or other tangible objects obtained from or belonging to the
     Defendant or obtained from others, which the Government intends to use at the
     trial of this cause.

4.      If any tangible objects were obtained from any person or persons, other than the Defendant, set forth the name or names, of such person or persons, their addresses, and the place where such objects were obtained and the manner in which such objects were obtained.

5.      Identify and produce for examination and inspection and/or copying, any other documents, books, papers, documents, data, photographs, records, or tangible objects which the Government intends to offer at the trial of this cause and which the Government contends, shows, or demonstrates criminality, and/or is inculpatory to the Defendant.

6.      Submit copies of all reports or statements of experts made with respect to physical examinations or scientific experiments made in connection with this case.

7.      Submit any written, recorded or summarized statements of all persons whom the Government plans to call as witnesses to be delivered to defense counsel at least ten (10) days prior to trial.

8.      Submit copies of all written, oral, or recorded statements, or written, oral or recorded confessions or admissions whether reduced to writing or not, or summarized in police reports or not, made by the Defendant which the Government proposes to produce as evidence in this cause. This request includes, but is not limited to, any alleged conversations by the Defendant with any person, whether an agent of the Government or not, who claims to have overheard or have engaged with the Defendant in any conversation which the Government purposes to produce as evidence in this cause. Rule 16(a)(1)(B).

9.      Submit a list of the names and addresses of all persons the Government intends to call as witnesses.

10.     Submit a list of the names and addresses and the testimony of all Grand Jury witnesses as recorded and relating to this case.
        a.      Copies of all documents and exhibits presented to the Grand Jury.
        b.      Summaries and copies of the statements of witnesses not presented or conveyed to the Grand Jury.
        c.      A list of all Grand Jury subpoenas issued for documents and/or testimony in this case.

11. Set forth any statement or the substance of any statement by an alleged co-defendant, accomplice or co-conspirator which the Government contends implicates the Defendant. Indicate in this respect the date or dates such a statement or statements were made and the circumstances under which it was made. Indicate the name and addresses of each witness who claims to have knowledge which supports the answer to this inquiry.

12. Set forth the names, address and telephone numbers of all persons who have knowledge pertaining to this cause, or who have been interviewed by Government agents in connection with this cause.

13. Submit the written, recorded or summarized statements of all persons who have knowledge pertaining to the case, or who have been interviewed by Government agents in connection with this case who are now deceased or who otherwise may be unavailable at the time of trial.

14. Set forth in detail the existence of any and all connections, contract, deals, or agreements that the Government has with any individuals known or unknown to the defense who were involved and participated in any acts alleged to be in furtherance of any crime alleged in the indictment.

15. Set forth in detail the specifics of that connection, the contract, deal, or agreement (found in response to Paragraph 14) that the Government has with co-defendants listed in Paragraph 14, including but not limited to, all plea bargain agreements or agreements not to prosecute in return for services.

16. Set forth any financial consideration involved in the response to Paragraph 14 that the Government has with co-defendants.

17. Produce copies of cancelled checks, signed receipts, or any other evidence of Government payment to any co-defendant, unindicted co-conspirator, or confidential informant.

18. Set forth any criminal act(s) which the co-defendants listed in Paragraph 14 committed and have been accordingly arrested or indicted.

19. Set forth any criminal act(s) known to the Government which the co-defendants listed in Paragraph 14 committed and have not been accordingly arrested or indicted.

20.    Set forth the reasons why the Government has failed to arrest or indict any co-defendant listed in Paragraph 14, for the criminal act(s) cited in the response to Paragraph 19.

21.    Furnish to the Defendant a copy of her prior criminal record, if any, in accordance with Federal Rules of Criminal Procedure 16(a)(1)(d).

22.    To produce copies of any and all Orders granting and/or denying or extending or denying an extension of electronic or other surveillance in this case.

23.    To produce any and all documents, writings, memoranda and procedures employed to document or effectuate warrantless intrusions, surveillance, and electronic invasions of privacy as employed by the Government.

24.    To produce the names and addresses and agencies of any and all individuals participating in the unlawful entries, including trespasses, wire taps, buggings, and surveillances, whether electronic or otherwise, involved in this case, and the names, dates, places and times at which each individual conducted such activity relative to her case and description of such activity.

25.    To produce all logs, writings, tapes, memoranda, airtels, and records of any and all type and description which relate or concern monitorings, buggings, electronic surveillance, unlawful entry (including trespass), surreptitious entry, mail intercepts, eavesdropping, whether by audio, visual or otherwise, conducted by or on behalf of the Government in the preparation, investigation, or the like of this case as such pertain to the Defendant or any co-defendants whether indicted or not, or as such relates to any witnesses and/or informants.

26.    To produce all tape recordings, transcriptions thereof, video tapes, movies, or the like which were made or taken by or for the Government, or any other entity, and then made available to the Government of which the Government has knowledge as such relates to this case or any of the allegations set forth in the indictment.

27.    To produce for inspection by Defendant any and all bugging equipment, tape recorders, microphones, binoculars, cameras, lenses film, tapes, and like equipment whether used for oral, wire, or other interception, surveillance or information gathering in the investigation and preparation of this case by the Government.

28.  To produce any and all surveillance records, photographs, films, video or audio tapes, and the like taken or made by or for the Government pursuant to its investigation of this case.

29.  To produce all photographs, taken in surveillance or otherwise relating to this case whether taken by Government agents, private individuals, or otherwise.

30.  To produce a detailed inventory of all items seized by the Government in connection with this case and alleged to the property of the Defendant, or seized from any premises in which Defendant had a claim of right.

31.  Submit all material known to the Government or which through due diligence could be learned, from the United States, State authority, or other governmental Foreign or Domestic agencies which is favorable to the Defendant, or may lead to favorable material, including but not limited to:

(a)  the names and addresses of all persons, during the investigation of this cause, who have been offered immunity, favorable consideration, lesser pleas or other agreements in return for testimony, information or documents. This request applies to all statements made by Government agents or investigators that if any person did not fully cooperate with the Government, that they would have difficulties or would be Defendants in any action. Indicate the name and address of each witness who claims to have knowledge which supports the answer to this inquiry.

(b)  The records of the Office of the United States Attorney and/or Drug Enforcement Administration or Federal Bureau of Investigation pertaining to the criminal activity, arrest, and/or conviction of any and all witnesses whom the Government intends to call in this case.

(c)  The written or recorded statements or the substance of any such statements of all persons who have been interviewed by the Government agents whom the Government does not intend to call as witnesses.

(d)  The names of any informers who may possibly have in their possession, knowledge or control any useful evidence which would indicate the innocence of the Defendant, or which could lessen the risk of false testimony, or which would be essential to a proper disposition of this cause.

(e)     All evidence in the possession or controls of the Government, including the United States Customs Service, Drug Enforcement Administration, and any other Government agency which is arguably favorable or helpful to the defense including, but not limited to, any evidence which is merely impeaching of Government witnesses.

(f)     Any evidence which would tend to undermine the credibility of prosecution witnesses, including, but not limited to, the names of any witnesses who have testified either falsely or erroneously.

(g)     The names and addresses of all other persons investigated as possible wrongdoers in this action.

(h)     All evidence which the Drug Enforcement Administration Federal Bureau of Investigation, United States Customs Service, or other Government agency has in their possession, custody or control which is arguably conflicting.

(i)     Any facts, or other evidence which the Drug Enforcement Administration, Federal Bureau of Investigation, United States Customs Service, or other Governmental agency has which would arguably reflect unfavorably on any Government witness.

II.
BRADY MATERIAL

1.     Defendant requests the government to disclose to defense counsel any and all information with which the defendants are entitled pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and its progeny, in particular United States v. Bagley, 473 U.S. 945 (1985).

2.     Defendant requests all information in the possession of the Government which is favorable to the Defendant and which relates or tends to relate to the guilt or innocence of the Defendant and to questions of punishment; all information which may be used for impeachment of Government witnesses.

3.     Defendant requests all material evidence which reasonably relates to the reasonable doubt of guilt or which reasonably relates to sentence. United States v. Agurs, 427 U.S. 97 (1976).

4. Defendant requests any and all information which shows that Defendant was not involved or connected or had any part in acts perpetrated by the co-defendants or co-conspirators.

5. Defendant requests any and all information which shows that Defendant was neither present nor involved in any alleged overt or conspiratorial act.

6. Defendant requests any and all information showing or tending to show a lack of criminal intent or a lack of knowledge of the existence of a conspiracy by the Defendant.

7. Defendant requests any and all information showing or tending to show Defendant's lack of knowledge as to the nature of any property mentioned in the indictment.

8. Defendant requests any and all information showing or tending to show lack of criminal intent on the part of Defendant in her dealings or financial transactions between the co-defendants and others mentioned in the indictment.

9. Defendant requests any and all information that is favorable to Defendant or which may lead to favorable information or which may be used for impeachment of Government witnesses.

10. Defendant requests disclosure of any and all statements of any and all individuals which may be inconsistent, in whole or in part, with any other statement made by the same individual; and any statements made by any individuals, which are inconsistent, in whole or in part, with any and all statements made by other individuals who have given statements relevant to the charges against Defendant.

11. Defendant requests any and all evidence which is exculpatory within the meaning of Moore v. Illinois, 408 U.S. 786, rehearing denied 409 U.S. 897 (1972), specifically, but not limited to the following documents. The term documents as hereinafter used includes, but is not limited to, bids, forms, annual audits, agreements, contracts, bank records, checks for premiums, claims, final accounting, correspondence, telegrams, notes, and any and all other written communications.

12. Defendant requests the names and current addresses of any and all persons who

were present during any of the acts alleged against the Defendant, or who heard or saw any of the activities alleged to have been committed by Defendant. This request is made regardless of whether or not said person will be called as a witness in the trial of this matter.

13.   Defendant requests a copy of the arrest records of each of the witnesses the Government intends to call.

14.   Defendant requests to be informed of the existence and scope of any and all offers of immunity, plea bargains, promises of leniency, indications of leniency, or negotiations concerning pleas conducted by the Government with any co-defendant, co-conspirator, or witness concerning matters contained in this indictment or any other investigation whether concluded, pending or projected.

## III.
### JENCKS MATERIAL
(18 U.S.C.A. § 3500)

Defendant requests that the government furnish counsel for the Defendant with Jencks Act material within forty-five (45) days of the trial date set in this action.

## IV.
### FEDERAL RULES OF EVIDENCE
Request for Notice

1.   Defendant requests, pursuant to Rule 404(b) of the Federal Rules of Evidence the government to identify to defense counsel any criminal activity and/or act of moral turpitude allegedly committed by or otherwise attributable to any named defendant regardless of how the government might use, at the trial of this case, such evidence (i.e., as evidence in its case-in-chief, for impeachment purposes, rebuttal, etc.).

2.   Defendant requests, pursuant to Rule 608 of the Federal Rules of Evidence, the government to provide the defendant with written notice of potential Evidence of Character and Conduct of Witnesses its intent to use any evidence or may be used to impeach their own witnesses which may be admissible under the provisions of Rule 608.

3.      Defendant requests, pursuant to Rule 609(b) of the Federal Rules of Evidence, the government to provide the defendant with written notice of its intent to use any evidence which it will argue is admissible under the provisions of Rule 609(a)(1) and/or (2).

4.      Defendant requests, pursuant to Rule 613(a) of the Federal Rules of Evidence, the government to provide the defendant with written notice of its intent to use any prior statement which it will argue is admissible under the provisions of Rule 613(a).

5.      Defendant requests, pursuant to Rule 705 of the Federal Rules of Evidence, the government to disclose to the defendant any evidence it will seek to offer pursuant to the provisions of Rule 705.

6.      Defendant requests, pursuant to Rule 807 of the Federal Rules of Evidence, the government to disclose to the defendants any evidence it will seek to offer pursuant to the provisions of Rule 807.

## V.
### BILL OF PARTICULARS

Defendant requests, pursuant to Rule 7(f) of the Fed.R.Crim.Pro. the government to serve and file a Bill of Particulars.

## VI.
### NOTICE OF POTENTIAL RELEVANT CONDUCT

Defendant requests the Government to disclose in writing  to the Defendant, substantially in advance of trial, any and all information now in its possession or which, through the exercise of due diligence could be brought within its possession which would be potential attributable to Defendant as "relevant conduct" as defined in the United States Sentencing Guideline.

## VII.
### IMMIGRATION

1.      Defendant requests immigration information ("A-File") of the defendant or co-defendants.  Defendant is unable to obtain the file through standard Court subpoena.

2.      Defendant requests immigration information ("A-File") of any witness the government intends to call as a witness.

3.      Defendant request any and all information and/or information the government presented or obtained during defendant's extradition from Panama.

## VIII.
### CONCLUSION

Defendant asserts that the above discovery requests represent requests which are continuing in nature and which require the Government to turn over such items as may come into their possession at a later date. Defendant requests that the Government comply with the above requests by forwarding the items within its possession to counsel for the Defendant within ninety (90) days of the trial date.

The parties are currently conducting ongoing discovery. The Assistant United States Attorney has an open file policy and has agreed to apprise defense counsel of any discovery developments. No court action is necessary at this time regarding discovery. If any discovery issues develop which require court intervention, the parties will notify the court.

Respectfully submitted,

/s/ *Mike DeGeurin*

Mike DeGeurin
FOREMAN DEGEURIN & NUGENT
300 Main Street
Houston, Texas 77002
Phone: 713-655-9000
Fax: 713-655-1812
State Bar No. 15132600
Federal I.D. 3558
At*torneys for Myra Lorena Orellana-Morales*

## CERTIFICATE OF CONFERENCE

The Assistant United States Attorney has an open file policy and has agreed

to apprise defense counsel of any discovery developments.

/s/ *Mike DeGeurin*
Mike DeGeurin

## CERTIFICATE OF SERVICE

I certify that this motion was delivered to AUSA Bryan K. Best by the

electronic delivery system of the Clerk of the Court on the day of filing.

/s/ *Mike DeGeurin*
Mike DeGeurin